1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                     FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10   ADAN M. RAYA,                              No.  2:11-cv-02340-LKK-AC-P

11                  Petitioner,

12        v.                                    ORDER

13   RONALD GROUNDS,

14                  Respondent.

15

16        Petitioner is a state prisoner proceeding with court-appointed counsel in this habeas

17   corpus action filed pursuant to 28 U.S.C. § 2254.  A review of this court's docket indicates that

18   this case has been submitted since September 6, 2012.  However, the undersigned will not issue

19   findings and recommendations at this time due to the presence of several procedural deficiencies

20   in petitioner's response to the respondent's answer.  See ECF No. 40.

21        First and foremost, petitioner requested stay and abeyance of the present proceedings in

22   the case caption of the response rather than in a formal motion filed and docketed separately from

23   the response.  Id.  Petitioner thus generated a docket entry that has never reflected the pendency

24   of any motion or request.  The court's failure to more promptly address the request is the result of

25   petitioner's defective presentation of the matter.

26        To further complicate things, the body of petitioner's response is not entirely consistent

27   with the caption's affirmative request for a stay.  "Petitioner acknowledges the need to return to

28   state court once he is prepared with all of the evidence to support his claim *and intends to seek*

                                           1

1  *permission from this court to stay these proceedings pending state court exhaustion.*"  ECF No.

2  40 at 4 (emphasis added).  While petitioner may have intended to file a formal motion for a stay,

3  no such motion has been filed in the nearly nineteen months since the response was docketed.

4        The court also notes and is concerned by the timing of petitioner's request for stay and

5  abeyance.  After counsel was appointed by this court, petitioner filed a first amended § 2254

6  petition with exhibits which he concedes were never presented to the state courts.  See ECF Nos.

7  33-4; 33-5; 33-6 (Exhibits D, E and F); 40 (response conceding that these exhibits have not been

8  presented to the state courts).  Instead of filing a contemporaneous motion for a stay and

9  abeyance, petitioner waited until his response to the answer to request a stay.  See ECF No. 40.

10  This request was made only after respondent asked the court to deny petitioner's only claim for

11  relief without considering the new evidence, in light of the Supreme Court's decision in Cullen v.

12  Pinholster, 131 S. Ct. 1388 (2011).  It appears that petitioner is using a stay as a shield to avoid

13  dismissal on the merits rather than proactively using it as a sword to advance the full and fair

14  litigation of claims once they have been properly exhausted in state court.  This type of delay is

15  certainly not countenanced by the AEDPA's twin goals of ensuring comity and finality.  See

16  Rhines v. Weber, 544 U.S. 269, 273 (2005) (recognizing that "state courts must have the first

17  opportunity to decide a petitioner's claims" but emphasizing that a federal district court would

18  abuse its discretion if it granted a stay where petitioner engaged in abusive litigation tactics or

19  intentional delay).

20        By failing to comply with Local Rule 230 regarding the filing of civil motions, petitioner

21  has deprived respondent the opportunity to file an opposition to the request for a stay.[1]

22  Accordingly, despite the prospect of further delay, the court will provide petitioner one final

23  chance to conform to the Local Rules and will order briefing on any properly-filed motion for a

24  stay pursuant to L.R. 230.[2]  Both parties to this action are advised that due to the age of this case,

25  NO EXTENTIONS OF TIME WILL BE GRANTED absent extraordinary circumstances.

26

27  [1] The Rules Governing Habeas Corpus Cases under Section 2254 simply do not contemplate any further pleading by respondent after the answer is filed.  See Rule 4 of the Rules Governing Habeas Corpus Cases under § 2254.

28  [2] Because petitioner is represented by counsel, the provisions of L.R. 230(l) do not apply.

1    The court further notes that the caption of the response also purports to "renew" a request

2    for funding.  Petitioner has attached to the response a copy of an ex parte request for funding to

3    retain a forensic psychiatrist which was purportedly filed on June 4, 2012.  See ECF No. 40-1 (ex

4    parte request); see also ECF No. 40 at 2 (indicating original submission date).  However, the ex

5    parte funding request bears the case number of an entirely different habeas corpus action.  See

6    Bills v. Clark, 2:06-2223-MCE-GGH (E.D. Cal).  Therefore, no such funding request has ever

7    been made in the present case, and there is nothing to renew.

8    Accordingly, IT IS HEREBY ORDERED that:

9    1.  Within fourteen days of the date of this order, petitioner shall file and properly notice a

10   motion for a stay pursuant to Local Rule 230.  In the alternative, if petitioner has exhausted his

11   claims since his response was filed in this court, he shall file a notice of exhaustion of state court

12   remedies;

13   2.  No extensions of time will be granted absent extraordinary circumstances;

14   3.  Should petitioner fail to file a motion for a stay or notice of exhaustion within fourteen

15   days, such failure will be construed as abandonment of the request for a stay and this matter will

16   be deemed submitted on the present record.

17   DATED: May 27, 2014

18   _____
     ALLISON CLAIRE
19   UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28

3